# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| WILLIAM ZARNEL SWITZER,<br><br>Plaintiff,<br><br>vs.<br><br>BIA CROW TRIBAL POLICE,<br><br>Defendants. | Cause No.  CV 12-0115-BLG-RFC-CSO<br><br>ORDER |

On November 19, 2012, this Court issued an Order requiring Plaintiff William Switzer to resubmit his motion to proceed in forma pauperis and to sign and refile his Complaint.  *DKT. 6.*  On December 11, 2012, Switzer complied with this Order.  *DKT 10.*  Initially, the signed complaint was not properly docketed in this Court's electronic filing system.  Based on this error, on December 18, 2012, the Court entered an Order stating that Switzer had failed to comply with the requirement that he submit a signed Complaint.

1

Accordingly, the Court now vacates the December 18 Order and enters this Order in its place. But for the deletion of the language regarding a signed complaint, this Order is the same in substance as the Order filed on December 18.

## I. MOTIONS TO PROCEED IN FORMA PAUPERIS

Switzer indicates in his second Motion to Proceed in Forma Pauperis that the only money he has received in the past twelve months is disability payments. The Court finds this application sufficient to make the showing required by 28 U.S.C. § 1915(a). Because it appears Switzer lacks sufficient funds to prosecute this action, the Motions to Proceed in Forma Pauperis will be granted.

## II. PRESCREENING

### A. Standard

As Switzer is proceeding in forma pauperis, the Complaint is subject to screening under 28 U.S.C. § 1915A, which impose a screening responsibility on the district court. Section 1915A(b) provides that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

### B. ANALYSIS

There are several deficiencies with the pending Complaint. First, it is not clear who Switzer intends to name as defendants. Switzer named "BIA Crow Tribal Police" as one defendant, but the Bureau of Indian Affairs (BIA) is a separate entity from the Crow Tribal Police.

Secondly, the Bureau of Indian Affairs is a federal agency. Sovereign immunity shields the United States and its agencies from suit unless it has expressly waived such immunity. *United States v. Mitchell*, 445 U.S. 535, 538-539 (1980) ( *Mitchell I*); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1993). "A court lacks subject matter

3

jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Balser v. DOJ, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003).

When a plaintiff sues the government for damages, the waiver may be found in a statute such as the Tucker Act, 28 U.S.C. § 1491, the Indian Tucker Act, 28 U.S.C. § 1505, or the Federal Tort Claims Act, 28 U.S.C. § 2671. *See, e.g., Mitchell I*, 455 U.S. at 539. When a plaintiff sues the government for equitable relief, waiver may be found in the Administrative Procedures Act. 5 U.S.C. § 702; *Presbyterian Church v. United States*, 870 F.2d 518, 524-5 (9th Cir. 1989). As there is no indication in Switzer's Complaint regarding a waiver by the United States to be sued in this type of action, the claims against the United States are subject to dismissal.

Lastly, the Crow Tribal Police is a tribal entity. In civil cases arising between Indians, or against an Indian defendant in an action arising in Indian country, tribal jurisdiction usually will be exclusive. *See Fisher v. District Court*, 424 U.S. 382, 386–89 (1976); *Williams v. Lee*, 358 U.S. 217, 223 (1959). Therefore, Switzer must clarify whether he is an Indian, whether the alleged incidents occurred in Indian

country, and whether he has brought this matter before the tribal court. Although Switzer indicates he filed a claim with the BIA, there is no indication that he has attempted to litigate this matter in tribal court.

## III. CONCLUSION

### A. Leave to Amend

As it is not clear that this Court has subject matter jurisdiction over this action, the case is subject to dismissal. It may be possible to correct these deficiencies. Therefore, Switzer may file an amended complaint.

Any amended complaint must consist of short, plain statements telling the Court: (1) the basis upon which this Court has subject matter jurisdiction over his claims; (2) whether he is Native American; (3) whether the alleged incidents occurred on the Crow Reservation; (4) whether he has attempted to litigate these issues in tribal court; (5) the rights he believes were violated; (6) the name of the defendant(s) who violated the rights; (7) exactly what each defendant did or failed to do; (8) how the action or inaction of that defendant is connected to the violation of his rights; (9) when the alleged actions took place; and (10) what injury he suffered because of that defendant's conduct. *Rizzo v.*

*Goode*, 423 U.S. 362, 371-72, 377 (1976).

Switzer must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Switzer must provide specific factual allegations for each element of each of his claims, and must state with specificity what defendants he intends to sue and to which defendants each of his claims apply. If Switzer fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim. Switzer's claims must be set forth in short and plain terms, simply, concisely, and directly. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed.R.Civ.P. 8.

The amended complaint must be complete in itself without reference to any prior pleading. Once Switzer files an amended complaint, it replaces the original complaint and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

### B. Address Changes

At all times during the pendency of this action, Switzer SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

### C. Possible Dismissal

If Switzer fails to timely comply with this Order, the Court may recommend that this action dismissed. *Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

Based on the foregoing, the Court hereby issues the following:

### ORDER

1. This Court's Order dated December 18, 2012 (*DKT 9*) is VACATED.

2. Switzer's Motions to Proceed in Forma Pauperis (*DKT. 1, 7*) are GRANTED.

2. Switzer may file an amended complaint on or before January

18, 2012.  The Clerk of Court is directed to provide Switzer with a form for filing an amended complaint.

DATED this 20th day of December, 2012.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge