# THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| WILLIAM ZARNEL SWITZER, | Cause No. CV 12-0115-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| BIA CROW TRIBAL POLICE, | |
| Defendants. | |

On December 20, 2012, this Court issued an Order finding that the Plaintiff William Switzer's Complaint failed to allege the basis of the Court's subject matter jurisdiction and therefore was subject to dismissal. *Dkt. 11.* Switzer was given an opportunity to file an amended complaint by January 18, 2013, but no amended complaint has been filed.

Because "[i]t is to be presumed that a cause lies outside [federal courts'] limited jurisdiction" unless proven otherwise, *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994), this matter should be dismissed without prejudice for failure to plead that this federal court

has jurisdiction to adjudicate Switzer's claims. *See also Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) ("a federal court may dismiss sua sponte if jurisdiction is lacking").

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Switzer's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

At all times during the pendency of this action, Switzer SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1.  Switzer's Complaint should be dismissed without prejudice.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record

makes plain that Switzer's failure to adequately plead subject matter jurisdiction is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Switzer may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The objections must itemize each factual finding to which objection is made and must identify the evidence in the record relied on to contradict that finding. In addition, the objections must itemize each recommendation to which objection is made and must set forth the authority relied upon to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Switzer from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of February, 2013.


/s/ Carolyn S. Ostby
United States Magistrate Judge